## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| SANTOLAYA, INC. | * | CASE NO. 12-07949 ESL |
| | * | |
| DEBTOR | * | CHAPTER 11 |

**********************************************

## DEBTOR'S OPPOSITION TO MOTION TO DISMISS FILED BY UNITED STATES FIDELITY AND GUARANTY COMPANY

**TO THE HONORABLE COURT:**

**COMES NOW**, Santolaya, Inc., (herein after Debtor or "Santolaya") appearing as debtor in possession of this estate, through the undersigned attorney, who respectfully states and prays as follows:

## BACKGROUND AND PRELIMINARY STATEMENT

1. Debtor filed the above-captioned voluntary petition for relief under Chapter 11 of the Bankruptcy Code on October 5, 2012. As such, since the filing of the instant petition, Debtor has been managing its affairs and operating the business as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. On February 6, 2013, the **United States Fidelity and Guaranty Company** (here forth "USFG" or movant)*,* filed proof of claim number 8 ("POC No. 8") claiming the amount of $552,491.20 as a general unsecured claim owed by this estate.

3. Further, on March 19, 2013, USFG filed a *Motion to Dismiss* the above captioned case. (Docket No. 61)

4. From what can be extracted on movant's extensive allegations in support for this request, the relevant legal grounds in support for this request are as follows:

Santolaya, Inc.
Case no. 12-07949 (ESL)
Debtor's Opposition to Motion to Dismiss filed by
United States Fidelity and Guaranty Company
Page 2

a)     The motion to dismiss is being filed under the provisions of 11 U.S.C. Section

1112(b)(1) claiming that debtor's bankruptcy filing was made in bad faith.

b)     Movant claims to have standing to prosecute this motion on a final Court

Judgment as evidence in Proof of Claim Number 8.

c)     Movant claims that Debtor's conduct constitutes an abuse of the Bankruptcy
process.

5.     Debtor purports that the motion filed by USFG represents an unwarranted attempt of

presenting a distorted description of the Debtor's operations caused on allegations raised against

the parents of the principal equity security holder of this estate in un unfounded effort to derail

the Debtor's business in detriment to this ongoing reorganization process and of allowed

claimants with a much better position than USFG.

6.     In the Motion, USFG selectively points to mere allegations raised in a complaint pending

before the U.S District Court trying to imply alleged mismanagement in a misguided attempt to

show that a dismissal is needed in this corporate case.

7.     However, USFG's distorted picture is far from the reality of the Debtor's operations.

There is no 'cause' to dismiss the instant corporate bankruptcy proceeding under 11 U.S.C.

Section 1112.   The Debtor has continued its business operations working in a meaningful

reorganization process dealing with its principal creditor, Oriental Bank and Trust, the senior

secured creditor encumbering all real and personal property pertaining to this estate.

8.     The extensive and ill-founded allegations raised in this motion, most, if not all, are

Santolaya, Inc.
Case no. 12-07949 (ESL)
Debtor's Opposition to Motion to Dismiss filed by
United States Fidelity and Guaranty Company
Page 3

directed to Fernando Vigil Fernandez. There is not a single relevant supported allegation on acts

of Santolaya that would constitute cause for dismissing the instant bankruptcy proceeding. The

Debtor in this case, opposes to this request for relief and prays that this Motion to Dismiss be

denied.

9.     Debtor alleges that USFG is no more than a disputed and unliquidated creditor that to this

date lacks standing to prosecute this request for dismissal. Debtor restate as if herein alleged all

matters raised in the Motion for Objection to Proof of Claim Number 8 filed by USFG.

# DISCUSSION

<u>*USFG Lacks Standing to File this Motion:*</u>

10.     As provided by Section § 1112(b)(1) of the Bankruptcy Code, the request to dismiss or

convert must be made by a party in interest. (11 U.S.C. § 1112 (b)(1))

11.     As such, Section § 1109 provides a list of persons or committees which qualify as parties

in interest within a Chapter 11 bankruptcy case. Such section includes a "creditor" as a party in

interest with standing to be heard on any issue on a Chapter 11 case. (11 U.S.C. § 1109)

12.     Section 1109(b) of the Bankruptcy Code provides that any "party in interest" may raise,

appear and be heard on "any issue" in a chapter 11 case. *See,* 11 USC §1109.

13.     The general theory behind Section 1109(b) is that anyone holding a <u>direct financial stake</u>

in the outcome of the case should have an opportunity (either directly or through an appropriate

representative) to participate in the adjudication of any issue that may ultimately shape the

disposition of his or her interest. *See,* <u>In re Ionosphere Clubs, Inc.</u>, 208 B.R. 812, 814 (S.D.N.Y.

1997)

Santolaya, Inc.
Case no. 12-07949 (ESL)
Debtor's Opposition to Motion to Dismiss filed by
United States Fidelity and Guaranty Company
Page 4

14.     Conversely, a party that does not hold a financial stake in the case is generally excluded from the definition of "party in interest". *See,* Collier on Bankruptcy, Sixteenth Edition *P 1109.0.*

15.     Principles of standing do properly apply to limit the scope of section 1109(b). In general, a "party in interest" in a "case" may be precluded from participating in a particular "proceeding" for lack of standing if he or she has no cognizable interest (whether directly or indirectly) in the outcome of the proceeding. Similarly, even if one holds an indirect interest in the outcome of the proceeding, principles of standing may restrict participation if the issues addressed in the proceeding are not more than marginally relevant to his or her interest generally. *See,* Collier on Bankruptcy, Sixteenth Edition *P 1109.04.*

16.     In the bankruptcy context, the Courts have held that an objecting party can only challenge the parts of the plan that directly implicate its own right and interests. (emphasis ours) *See,* In re Quigley Co., 391 B.R. 695, 705 (Bankr.S.D.N.Y.2008)

17.     USFG standing is subject to the its qualification as a creditor of the Debtor, which as of this date, has been thoroughly objected by the Debtor through its *Objection to Proof of Claim # 8 Filed by USFG* (here forth "Objection to POC No. 8") for being unfounded and unsupported, among other things.  Debtor restate as if herein alleged all matters raised in the Motion for Objection to Proof of Claim Number 8 filed by USFG.

18.     As affirmed by USFG on its POC No. 8, on the plain statements in the amended complaint attached, this claim is contingent, disputed and unliquidated.  On debtor's grounds in support to this objection to Proof of Claim 8, USFG shouldn't be considered a creditor for the purposes of this bankruptcy proceeding.

Santolaya, Inc.
Case no. 12-07949 (ESL)
Debtor's Opposition to Motion to Dismiss filed by
United States Fidelity and Guaranty Company
Page 5

19.     Moreover, and probably more important to the issue at stake, USFG has failed to show that the prosecution of the District Court complaint to which its claim is dependent will lead to a liquidated amount to be imposed against the Santolaya's estate.  Thus, USFG has no potential financial stake at risk to be impaired by this reorganization process.

20.     Finally, USFG conclusive statement of enjoying standing as a "creditor" upon a final court judgment against Santolaya is false inasmuch no such judgment exists.  The record is clear as to the fact that USFG holds a judgment against Mr. and Mrs. Fernando Vigil Fernandez but not against Santolaya.  Consequently, not being an allowed creditor of the Debtor, USFG lacks standing to request the dismissal of this bankruptcy case.

21.     On the aforementioned grounds, movant lacks standing to request the dismissal of the above captioned case and its Motion to Dismiss should be denied.

_Statutory Requirements for Dismissal Pursuant Section § 1112 and Lack of Cause_

22.     As provided by 11 U.S.C. § 1112(b)(1), on a request form a party interest, absent unusual circumstances specifically identified by the court that establish that the request for conversion or dismissal is not in the best interest of creditors and the estate, the court shall convert or dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, if the movant establishes cause.

23.     Although the words, "for cause" appear in section 1112(b)(1), the movant bears the initial burden of demonstrating that cause exists to convert the chapter 11 case to chapter 7, or to dismiss the case, whichever is in the best interest of creditors and the estate. _In re_ Pittsfield Weaving Co., 393 B.R. 271, 274 (Bankr. D.N.H. 2008).  With this statutory background in mind

Santolaya, Inc.
Case no. 12-07949 (ESL)
Debtor's Opposition to Motion to Dismiss filed by
United States Fidelity and Guaranty Company
Page 6

let's know review the allegations by USFG.

24.     The first matter deals with an allegation against the undersigned attorney for his alleged
failure to "actually serve" documents on USFG's attorney.  This statement is incorrect and false.
Before raising such an inflammatory allegation, Counselor should ascertain with his office which
problems he may have with the mail at the mailing address he has provided.

25.     Enclosed to this motion as Exhibit 1 is copy of the envelope remitted by the undersigned
office but returned by the U.S. Post Office with the following imprint "RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED UNABLE TO FORWARD".  Debtor's motion
allegedly willfully not mailed was in fact mailed but returned on unknown reasons.

26.     On the other hand, if USFG happened to be so interested in this bankruptcy case, the
easiest way to receive notice of all documents being filed with the Court would have been to
enter an early appearance pursuant to the provisions of FRBP 9010.  The debtor in this case shall
not be blamed on USFG's own endeavors in appearing late in this bankruptcy case.  Any and all
allegations implying lack of notice on the part of the debtor shall be dismissed.

27.     USFG attempts to imply cause for the dismissal of this case on certain payments done to
Mr. Fernando Vigil Fernandez during the year 2012 and on the existence of certain account due
by him to Santolaya.  The same motion states how all these payments have been disclosed by
Santolaya in the Schedules filed in this reorganization process.

28.     The fact is that within the accounting records maintained for this company there is a
material account due from Mr. Fernando Vigil Fernandez which has been carried-over in the
accounting records for several years.  This account which was reconciled by the time of the filing

Santolaya, Inc.
Case no. 12-07949 (ESL)
Debtor's Opposition to Motion to Dismiss filed by
United States Fidelity and Guaranty Company
Page 7

of the instant petition was to be adjusted by the external account of the company to reflect material reductions and adjustments that were not posted in the accounting books for several years.

29.    It was precisely as a cautionary measure undertaken by debtor's management that no adjustment to this account was recorded and that full disclosure of the existence of these entries was provided as part of the bankruptcy case.  The existence and treatment of this account will be fully disclosed in debtor's Disclosure Statement since this entails a potential assets to be accounted for in the Liquidation Analysis and within the pool of resources which may be available to fund the plan.

30.    As to the 2012 payments, the record of this case shows that Fernando Vigil Fernandez is not an equity security holder of this bankruptcy estate.  Mr. Vigil Fernández, who is the father of debtor's sole stockholder, rendered and still renders services to the company and all payments for his services have been disclosed in the Monthly Operating Reports filed with the Court.  Debtor's accounting practices and new operating controls have been implemented as part of this reorganization process in an effort to reorganize debtor's finances aiming to confirm a confirmable plan.  On these grounds, USFG's allegations regarding these alleged payments do not constitute valid cause to dismiss this case.

31.    USFG goes on to allege that Debtor conduct constitutes an abuse of the bankruptcy process resting principally on the two extensions of time granted to debtor for filing its Disclosure Statement and Plan.  This allegation is meritless given debtor's endeavors in the prosecution of this case.

Santolaya, Inc.
Case no. 12-07949 (ESL)
Debtor's Opposition to Motion to Dismiss filed by
United States Fidelity and Guaranty Company
Page 8

32.    Santolaya asserts to be in compliance with subsection (A) of Section § 1112 inasmuch,

Debtor's last request for extension of time to file its Disclosure Statement and Plan of

Reorganization, responded precisely to the need of a reasonable time frame to evaluate recently

filed proof of claims, including that filed by USFG, and for the time period allowed for

governmental units to file their proof of claims elapse.  These requests for extension have been

approved by this Honorable Court.

33.    As of this date, Debtor has performed a proper analysis of the file proof of claims and

objections are being duly filed. As such, Debtor is in position of filing its Disclosure Statement

and Plan of Reorganization, and affirms that will do so shortly and within the time frame granted

by this Court.

34.    To this date Santolaya has complied with its duties as a debtor in possession considering

the totality of the circumstances of this case. It is current in the filing of its Monthly Operating

Reports and the payment of its Quarterly Fees. It has duly responded the movant's allegation

against the Debtor and has been negotiating in good faith with its creditors in order to restructure

its debts and provide payment of the same.

35.    Consequently, is Debtor's contention that this there is no 'cause' showing bad faith to

dismiss the instant corporate bankruptcy proceeding under 11 U.S.C. Section 1112.  The Debtor

has continued its business operations working in a meaningful reorganization process dealing

with its principal creditor, Oriental Bank and Trust, the senior secured creditor encumbering all

real and personal property pertaining to this estate.

Santolaya, Inc.
Case no. 12-07949 (ESL)
Debtor's Opposition to Motion to Dismiss filed by
United States Fidelity and Guaranty Company
Page 9

*Dismissal, if Granted, will be in detriment of Allowed Creditors and the Estate:*

36.     Debtor understands that USFG has failed to prove that there is cause for dismissing this case.  Nonetheless, even if the Court was to conclude that there was cause, which the Debtor strenuously denies, this Honorable Court has the discretion to deny the request for dismissal pursuant to 11 U.S.C. § 1112 (b)(2), if dismissal is not in the benefit of all creditors and the estate. The bankruptcy court enjoys broad discretion in determining whether to grant relief pursuant to 11 U.S.C. § 1112 (b)(2). *In re: Abijoe Realty*, 943 F. 2d. 121 (1st Cir. 1991).

37.     Santolaya asserts that given the particular circumstances of the present case point to the fact that the dismissal of the case will be in detriment of the Debtor, the estate and the creditors in general.  We explain.

38.     As of this date, Debtor's principal asset is comprised of a commercial real property which consists of a strip mall.  The property and all rent proceeds being generated at this commercial property are fully encumbered to Oriental Bank.  Reference is made to Proof of Claim 9 filed by this creditor in the amount of $6,999,006.39.  The last renewal extension granted by this creditor for this secured obligation elapsed in December 29, 2012.

39.     The record also shows that in addition to this secured creditor, as per proof of claims filed and allowed scheduled claims, it can be ascertained that there are valid allowed claims that are owed by the debtor.  Debtor's unsecured priority tax related debts are estimated in the amount of $378,364 and general unsecured claims, excluding USFG's disputed and objected claim, are in the amount of $916,360.  In the aggregate, the estate owes no less than $8,293,730 in duly allowed claims.

Santolaya, Inc.
Case no. 12-07949 (ESL)
Debtor's Opposition to Motion to Dismiss filed by
United States Fidelity and Guaranty Company
Page 10

40.     Debtor contends that it will be only through its Plan of Reorganization soon to be filed, that allowed creditors of this entity will receive a dividend.  A review of the debts and assets indicate that not even USFG will be benefited by this dismissal since all corporate assets that may be available outside the bankruptcy Court will remain fully encumbered to Oriental Bank.

41.     On the financial scenario fully disclosed by means of this bankruptcy proceeding, Santolaya purports that the reason triggering this motion has to be an unwarranted attempt by USFG to strong-arm the individual debtors on payment of an obligation of Mr. and Mrs.  Vigil Fernández leaving aside any financial considerations on Santolaya and its creditors.

42.     As the Supreme Court has observed, chapter 11 embraces the "two recognized policies [of] preserving going concerns and maximizing property available to satisfy creditors." _Bank of America Nat' l Trust & Sav. Ass' n v. 203 N. LaSalle Street P' ship_, 526 U.S. 434 (1999) G. Eric Brunstad, Jr. & Mike Sigal, _Competitive Choice Theory and the Broader Implications of the Supreme Court's Analysis in Bank of America v. 203 North LaSalle Street Partnership_, 54 Bus. Law. 1475, 1483 (1999) (discussing the purposes of chapter 11 as the House Report states:

> *"The purpose of a business reorganization case, unlike a liquidation case, is to restructure a business's finances so that it may continue to operate, provide its employees with jobs, pay its creditors, and produce a return for its stockholders. The premise of a business reorganization is that assets that are used for production in the industry for which they were designed are more valuable than those same assets sold for scrap"*. H. Rep. No. 595, 95th Cong. 1st Sess. 220 (1977), *reprinted in* App. Pt. 4(d)(I)

Santolaya, Inc.
Case no. 12-07949 (ESL)
Debtor's Opposition to Motion to Dismiss filed by
United States Fidelity and Guaranty Company
Page 11

43.     Being present particular circumstances which entail a prejudice to Debtor, creditors and

estate if the present bankruptcy case is dismissed, Debtor contends that the Motion to Dismiss

filed by USFG should be denied.

*Movant Allegations of Abuse of the Bankruptcy Process are Meritless:*

44.     In general, a court may dismiss any case for lack of good faith in order to prevent abuse

of the chapter 11 process or in response to misconduct that is incompatible with the functioning

of the bankruptcy system. Carolin Corp. v. Miller, 886 F.2d 693, 702 (4th Cir. 1989)

45.     In general terms, the cause requirement of section 1112(b) applies at various stages in the

case to test whether the benefits of reorganization are likely to be achieved within a reasonable

amount of time and in a manner that is consistent with the requirements and restrictions of the

Code.

46.     As such Section 11 U.S.C. § 1112 (b)(4) sets out a series of scenarios which may

constitute cause and abuse of process. However, none of the scenarios mentioned in Section §

1112 (b)(4) are present in the instant case, nor Debtor has concealed any information or fail to

follow any court Order or violated any of the provisions of the Bankruptcy Code.

47.     To this date, the Debtor has been in compliance with its duties of a debtor in possession

considering the totality of the circumstances of this case. Debtor's principal officer attended and

rendered testimony at the meeting of creditors held in this case.  It is current in the filing of its

Monthly Operating Reports and the payment of its Quarterly Fees due to the United States

Trustee.

Santolaya, Inc.
Case no. 12-07949 (ESL)
Debtor's Opposition to Motion to Dismiss filed by
United States Fidelity and Guaranty Company
Page 12

48.     Consequently, no abuse of the bankruptcy procedure is being performed by Debtor and the allegations of the movant are unmeritorious.

49.     The Honorable Court should be clear that this bankruptcy reorganization process should not be construed as a continuation of the District Court case against the Vigils.  Rehashing the allegations of the two District Court cases filed against the individuals as has been done by USFG in this Motion to Dismiss, more than unnecessary, is irrelevant to the reorganization process of Santolaya.

50.     The herein debtor has plenty to do in its reorganization process to be forced to undertake unnecessary litigation on matters that erode the limited resources necessary to arrange a reorganization plan for allowed creditors of this case.

     **WHEREFORE**, on the grounds detailed herein debtor prays this Honorable Court to deny *United States Fidelity and Guaranty Company* Motion to Dismiss filed on March 19, 2013 and to grant any further relief as is deemed just and proper.

<u>**CERTIFICATE OF SERVICE**</u>

     **I HEREBY CERTIFY:** That on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to **Iris J. Cabrera-Gómez, Esq**. (Attorney for Rivera, Tulla & Ferrer) at icabrera@riveratulla.com; **Paul T. Devlieger Esq**. (Attorney for United States Fidelity & Guaranty Company) at pdevlieger@dvhlaw.com ; **Cristina A. Fernandez-Rodriguez, Esq.,** (Attorney for Bayview Loan Servicing LLC/Oriental Bank & Trust) at caf@trdlaw.com; **Carmen Priscilla Figueroa-Bell, Esq.,** (Attorney for CRIM) at cfigueroa@crimpr.net; **Daniel Molina-López Esq.** (Attorney for Bayview Loan Servicing LLC/ Oriental Bank & Trsute) at dml@trdlaw.com;  **Alejandro A Suarez-Cabrera, Esq.,** (Attorney for State Insurance Fund) at suarez@cfse.gov.pr;   and to the participants appearing in said record.

Santolaya, Inc.
Case no. 12-07949 (ESL)
Debtor's Opposition to Motion to Dismiss filed by
United States Fidelity and Guaranty Company
Page 13


**I FURTHER CERTIFY:** That on this same date a copy of the foregoing document has been hand delivered to the **U.S. Trustee Office,** this at its address of record.

**RESPECTFULLY SUBMITTED.**

In Guaynabo, Puerto Rico, this 6th day of April of 2013.


**/s/ Wigberto Lugo Mender**
**WIGBERTO LUGO MENDER**
**ATTORNEY FOR DEBTOR**
USDC-PR 212304
**LUGO MENDER & CO.**
Centro Internacional de Mercadeo
Carr. 165 Torre I Suite 501
Guaynabo, PR 00968
Tel. (787)707-0404
Fax (787)707-0412
wlugo@lugomender.com